# IN THE OREGON TAX COURT

## EBERT
*v.*
## DEPARTMENT OF REVENUE
(TC 2611)

Plaintiff appeared *pro se.*

Ted E. Barbera, Assistant Attorney General, Department of Justice, represented defendant.

Decision rendered for defendant December 30, 1987.

### CARL N. BYERS, Judge.

Plaintiff appealed to defendant from a Notice of Determination and Assessment for 1982 personal income taxes. Defendant, by Opinion and Order No. 86-2304, dismissed plaintiff's appeal for lack of jurisdiction due to plaintiff's failure to file his petition within the statutory appeal time. The issue before this court is whether defendant erred in dismissing plaintiff's appeal.

The following enumerated facts are undisputed:

1. Plaintiff employed an attorney to handle his tax matters.

2. Defendant notified plaintiff by letter dated November 8, 1983, that it had no record of receiving his 1982 tax return and requested him to file a return within 30 days.

3. Defendant mailed a second request to plaintiff dated December 7, 1983, informing him that if no return was filed within 30 days the Department of Revenue was "required to determine the tax from the best information available." (Def. Ex. B.)

4. A "Notice and Demand To File" dated January 13, 1984, was then sent to plaintiff stating:

"We have contacted you a number of times in an attempt to get you to file * * * [your] tax return * * *."

This notice informed plaintiff that if the return was not filed within 30 days an additional 25 percent penalty would be assessed, in addition to the penalty and interest "outlined in our previous letter."

5. A Notice of Determination and Assessment, including penalty and interest, dated December 13, 1984, was sent to plaintiff.

6. In response to a telephone conversation with plaintiff, defendant sent a letter, dated January 18, 1985, to plaintiff reminding him of the appeal time and stating, "Once the 90-day period is up, the assessment becomes final and your appeal rights end." (Def. Ex. E.)

7. Plaintiff's 1982 tax return was received by the department on December 21, 1985, unsigned, with "U.S. Planning Services, Inc." (plaintiff's attorney's firm) typed in the space for "preparer."

8. On June 23, 1986, plaintiff wrote defendant: "I would like to formally request a conference concerning my 1982 Oregon State tax return #815460. (Def. Ex. I.)

Plaintiff testified that he did not remember getting defendant's first request to file (dated November 8, 1983) but admitted that the address listed on the request was correct. He stated that he conveyed the second request to file (dated December 7, 1983) to his attorney. Concerning receipt of the January 13, 1984 demand letter plaintiff testified that he:

"Would have opened it or taken it to Marv's [his attorney] office unopened. I got so much mail from the IRS and the Department of Revenue, I couldn't keep up with it."

Plaintiff testified that until the fall of 1985, he

believed his attorney was taking care of his business. His attorney regularly assured him that the tax returns were filed, however plaintiff admitted he never requested or received copies of his income tax returns. He discovered that his attorney was lying to him in September 1985, when he received another notice and called defendant. Plaintiff testified that at this time he fired his attorney.

Plaintiff testified that he did not remember sending the 1982 tax return to defendant and could not explain the Department of Revenue's receipt of it three months after he fired his attorney.

■ ORS 305.275(4) requires a taxpayer to exhaust the administrative remedies provided before appealing to the tax court. Plaintiff did not do so.

Plaintiff acknowledged receipt of the notices but claims that his failure to respond in a timely manner is excusable because he relied on his attorney, a personal friend, to take care of the matter.

Defendant contends that there is no statutory relief for plaintiff's failure to timely file and, even if there were, reliance on a negligent attorney to meet a filing deadline is not good and sufficient cause.

In 1985, the United States Supreme Court granted certiorari to resolve a conflict among federal courts on whether a taxpayer's reliance on an attorney to prepare and file a tax return constituted "reasonable cause" to escape penalty under IRS § 6651(a)(1). The court noted that the government has millions of taxpayers to monitor and our system of self-assessment would not work on any basis other than one of strict filing standards.

■ Using an "ordinary business care and prudence" test, the court concluded that:

> "It requires no special training or effort to ascertain a deadline and make sure that it is met. The failure to make a timely filing of a tax return is not excused by the taxpayer's reliance on an agent, and such reliance is not 'reasonable cause' for a late filing under § 6651(a)(1)." *U. S. v. Boyle,* 469 U S 241, 252, 105 S Ct 687, 83 L Ed 2d 622 (1985).

The Department of Revenue has been granted no

statutory authority to excuse the late filing of an appeal. It has been granted authority to cancel tax, penalty or interest under limited circumstances, but none of those circumstances are found in this case. See ORS 305.295. Even if there was an excuse for "reasonable cause," the plaintiff would fail the test.

Plaintiff is a neurologist. By his own testimony, he is and has been in good health with no debilitating accidents. There can be no doubt that plaintiff is physically and mentally capable of learning, remembering and complying with a filing deadline. Plaintiff received correspondence from the department for over two years regarding the filing of tax returns and never asked his attorney for copies of the returns allegedly sent to the department. By his own admission, he "got so much mail from the IRS and the department I couldn't keep up with it." Therefore, he turned it over to his attorney, some of it *unopened,* accepting his attorney's verbal assurances as the only proof that the matters were being resolved. When told by his attorney that he had refunds coming, plaintiff failed to pursue the matter even though no refunds were ever received. It must be concluded that he failed to exercise ordinary business care and prudence.

The defendant's receipt of plaintiff's 1982 tax return, over one year after issuance of the Notice of Determination and Assessment, is of no effect in the absence of a timely appeal from the notice by plaintiff.

Based upon admitted facts, and there being no statutory exception to the time for filing appeals, the court finds that plaintiff failed to exhaust his administrative remedies. Therefore, defendant's Opinion and Order No. 86-2304 is affirmed. Costs awarded to defendant.